**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OSCAR ISRAEL NOGALES-PEREZ,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | Nos.  10-72202<br>        10-73820<br><br>Agency No. A098-267-325<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2012[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

Oscar Israel Nogales-Perez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT") (No. 10-72202), and of the BIA's order denying his motion to reopen removal proceedings (No. 10-73820). We have jurisdiction under 8 U.S.C. § 1252. We review de novo due process claims, *Larita-Martinez v. INS*, 220 F.3d 1092, 1095 (9th Cir. 2000), we review for substantial evidence the agency's factual findings, *Cruz-Navarro v. INS*, 232 F.3d 1024, 1028 (9th Cir. 2000), and we review for abuse of discretion the denial of a motion to reopen, *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We deny the petitions for review.

The record does not compel the conclusion that Nogales-Perez established changed or extraordinary circumstances to excuse the delay in filing his asylum application beyond the one-year deadline. *See* 8 C.F.R. §§ 1208.4(a)(4), (5). We reject Nogales-Perez's contention that the BIA's untimeliness finding violates the statute and due process. *See Larita-Martinez*, 220 F.3d at 1095-96 (requiring error to prevail on a due process claim). Accordingly, Nogales-Perez's asylum claim fails.

Nogales-Perez contends he was threatened on account of an imputed political opinion and/or his membership in a particular social group after intercepting $600,000 of likely drug money in his capacity as an auxiliary police officer at the Mexico City airport. Substantial evidence supports the BIA's denial of Nogales-Perez's withholding of removal claim because he failed to demonstrate

he was or will be harmed on account of a protected ground. *See Cruz-Navarro*, 232 F.3d at 1030 (rejecting imputed political opinion claim where petitioner failed to link his persecution to anything other than his status as a police officer); *see also Ayala v. Holder*, 640 F.3d 1095, 1098 (9th Cir. 2011) (concluding that former military officer was targeted because of his role in a particular arrest, rather than on account of his membership in a particular social group of former officers). In the absence of a nexus to a protected ground, Nogales-Perez's withholding of removal claim fails. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1172 (9th Cir. 2005).

Further, substantial evidence supports the agency's denial of CAT relief because Nogales-Perez failed to show it is more likely than not he will be tortured if returned to Mexico. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (claim of possible torture speculative). We reject Nogales-Perez's contention that the BIA inadequately and improperly reviewed his CAT claim.

Finally, the BIA did not abuse its discretion in denying Nogales-Perez's motion to reopen, because he did not establish that his proffered evidence was material and would likely change the result in the case. *See Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008).

**PETITIONS FOR REVIEW DENIED.**

10-72202 / 10-73820